People v Perkins (2020 NY Slip Op 07819)





People v Perkins


2020 NY Slip Op 07819


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


1216 KA 14-00640

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHARLES R. PERKINS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered October 31, 2013. The judgment convicted defendant upon a jury verdict of murder in the second degree and assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and assault in the first degree (§ 120.10 [1]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the
evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Even assuming, arguendo, that an acquittal would not have been unreasonable, we cannot conclude that the jury failed to give the evidence the weight it should be accorded (see generally Danielson, 9 NY3d at 348; Bleakley, 69 NY2d at 495). Defendant failed to preserve for our review his further contention that the prosecutor improperly elicited hearsay testimony to establish an alleged motive for defendant shooting the two victims and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). We also reject defendant's contention that the sentence is unduly harsh and severe. Finally, we have reviewed defendant's remaining contentions and conclude that none requires reversal or modification of the judgment.
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court